**WESLEY M. MULLEN**                                           MULLEN P.C.
                                                    THE METLIFE BUILDING
                                              200 PARK AVENUE | SUITE 1700
                                                      NEW YORK, NY 10166

December 5, 2018

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
Failla_NYSDChambers@nysd.uscourts.gov

<u>VIA ECF & EMAIL</u>

  Re: <u>Ricatto v. M3 Innovations Unlimited, Inc.</u>,
    No. 1:18-cv-8404-KPF

Your Honor,

I represent Defendants.  I write briefly in reply to Plaintiff's letter, (Doc. 12), opposing Defendants' request for a pre-motion conference.

Plaintiff repeats the conclusory assertion that Kietrys "exercised complete domination" over M3, and claims discovery will "reveal the full extent of Kietrys's transgressions." (Ltr. at 1-2.)  Under controlling law, more is required to proceed to discovery on a veil-piercing theory.  See <u>Fillmore East BS Fin. Subsidiary LLC v. Capmark Bank</u>, 552 Fed. Appx. 13, 15 (2d Cir. 2014) (affirming dismissal of veil-piercing claims because "conclusory allegations" regarding control are "plainly insufficient to state a claim.").

Judgment should issue on the contract claims because the parties' agreement is crystal clear.  To constitute an event of default, M3 must have "admit[ted] in writing its inability to pay its debts as they become due" or be "adjudged bankrupt or insolvent." (LOC § 5.)  Plaintiff does not allege this because it never happened.  And even assuming the truth of Plaintiff's vague allegation that "Defendants have indicated to Ricatto unequivocally and repeatedly that … M3 has no money left and is insolvent," (Compl. ¶ 37), there has been no contractual Event of Default, (LOC § 5), as a matter of law.

This is a straightforward contract dispute between lender and borrower.  Plaintiff cannot proffer an "admi[ssion] in writing" of M3's "inability to pay its debts." (LOC § 5.)  Plaintiff was therefore obligated to advance funds to M3, and is now liable for its wrongful refusal to do so.

Respectfully,

*[signature]*

Wesley M. Mullen

WMULLEN@MULLENPC.COM | (646) 632-3718