

1810 Chapel Avenue West
Cherry Hill, NJ 08002
(856) 661-1900
Fax: (856) 661-1919
www.flastergreenberg.com

**JEFFREY A. COHEN, ESQUIRE**
Member of the NJ, PA & NY Bar
Direct Dial:  (856) 382-2240
E-Mail:  jeff.cohen@flastergreenberg.com
*PLEASE RESPOND TO CHERRY HILL*

December 6, 2018

<u>**VIA ECF & EMAIL**</u>
Honorable Katherine Polk Failla, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2103
New York, NY  10007
Failla_NYSDChambers@nysd.uscourts.gov

>    Re:   *Ricatto v. M3 Innovations Unlimited, Inc., et al.*
>          Civil Action No. 1:18-cv-08404-KPF
>          Pre-Motion Letter concerning Motion to Strike Scandalous and Impertinent
>          Allegation from M3's Counterclaims

Dear Judge Failla:

   This firm represents Plaintiff Michael Ricatto ("Plaintiff") in the above-referenced action. Pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, Plaintiff respectfully submits this pre-motion letter seeking leave to file a Motion to Strike Scandalous and Impertinent Allegations from Defendant M3 Innovations Unlimited, Inc.'s ("M3's") Counterclaims under Fed. R. Civ. P. 12(f).

   Defendants M3 and Kyle Kietrys (collectively, "Defendants") submitted a pre-motion letter dated November 30, 2018 (Dkt. #11) concerning an anticipated Motion to Dismiss/for Judgment on the Pleadings.  Plaintiff has responded to that letter (Dkt. #13),[1] but Plaintiff submits the instant letter in advance of an unrelated anticipated motion, which addresses scandalous and impertinent allegations in Paragraph 30 of M3's Counterclaims that must be stricken.  For the reasons set forth below, this Honorable Court should immediately strike Paragraph 30 from M3's Counterclaim, and award sanctions due to Defendants' violation of Fed. R. Civ. P. 11(b)(1).

   Paragraph 30 of M3's Counterclaim states, "Ricatto is also active in New York City political circles.  On information and belief, he was fined by the New York City Campaign Finance Board in February 2018 for campaign finance violations."  *See* Dkt. #10 at ¶ 30.  A footnote to that paragraph cites a news article relating to the allegation.  *Id*.  The contents of Paragraph 30 in their entirety have absolutely no relation to the subject matter of the matter before this Court, which simply concerns the parties' failed business relationship.

---

[1] Defendants also filed a letter in reply to Plaintiff's letter (Dkt. #13), which is not permitted under Your Honor's Individual Rules of Practice in Civil Cases.  Plaintiff requested that the Court disregard that letter (Dkt. #15) after Defendants declined to withdraw their reply.

Honorable Katherine Polk Failla, U.S.D.J.
December 6, 2018
Page 2

Fed. R. Civ. P. 12(f) specifically permits the Court to strike "any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion by any party filed before the party's responsive pleading. It is well-settled law in this Court that motions to strike are appropriate when the allegations have no bearing on the issues in dispute in the case. *See Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) ("An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action. 'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (internal quotation marks omitted).

In *Anderson*, the Court struck scandalous and impertinent allegations concerning the defendant law firm's employees' sexual orientation, "weekend rendezvous," the immigration status of a colleague, and other claims entirely unrelated to the plaintiff's claim against the defendant for workplace discrimination. *See also Prout v. Vladeck,* 326 F.R.D. 407, 410 (S.D.N.Y. 2018) (striking allegations in the defendants' Counterclaims that "serve no purpose except to inflame the reader" and "gin up resentment on the part of a potential jury") (internal quotation marks omitted).

Here, when viewing the actual pertinent allegations in Plaintiff's Complaint and M3's Counterclaims, there is no conceivable basis for M3 to include its allegations in Paragraph 30 and the accompanying footnote. Plaintiff's "political circles" and campaign contributions are not in any way related to the issues in this lawsuit, and M3 had no reason to include this allegation in its pleading other than to harass and embarrass Plaintiff. The inclusion of M3's allegations in Paragraph 30 going forward would serve only to confuse the prospective jury and divert from the true issues in the case, which concern the business relationship between the parties and the (lack of) performance of the applicable contracts.

It is clear that Paragraph 30 of M3's Counterclaims is scandalous, impertinent, and calculated to cause prejudice to Plaintiff. Because it has no bearing on the instant action, Paragraph 30 should be stricken immediately, and the Court should award sanctions due to Defendants' violation of Fed. R. Civ. P. 11(b)(1). Plaintiff accordingly respectfully requests a pre-motion conference regarding the scandalous and impertinent allegations contained in Paragraph 30 of M3's Counterclaims.

Thank you for your generous consideration of this matter.

Respectfully submitted,

FLASTER GREENBERG P.C.

Jeffrey A. Cohen