**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

MICHAEL RICATTO,

    Plaintiff,

    - v -

M3 INNOVATIONS UNLIMITED INC., *et al.*,

    Defendants.

No. 18 CV 8404 (KPF)

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL" or otherwise designated as confidential in writing.

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in

this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation more restrictive than CONFIDENTIAL, such as "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

   d. The Court (including any mediator, court reporter, translator, clerk, or other person having access to any Confidential Information by virtue of his or her position with or relationship to the Court or the litigation).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information after disclosure. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order. No person or party will be deemed to have violated the terms of this Stipulation and Order for any disclosure that occurred prior to the designation of a document as "confidential," but must take reasonable steps to inform the recipients of information later designated as "confidential" of the belated designation and the accompanying restrictions imposed by this Stipulation and Order.

7. Pursuant to Federal Rule of Evidence 502, the inadvertent production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information ("Inadvertently Disclosed Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by a producing party, the receiving party: (a) will, within seven (7) calendar days, return or destroy all copies of the Inadvertently Disclosed Information and certify that all such Inadvertently Disclosed Information has been returned or destroyed; and (b) must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified by

the producing party. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. No information designated as "confidential" shall be filed with the Court except on reasonable notice to the producing party or under seal; and the parties shall follow the Court's procedures with respect to filing under seal.

9. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

10. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED:

Dated: February 18, 2020

| FLASTER/GREENBERG P.C. | MULLEN P.C. |
|---|---|
| By: /s/ (with permission)<br>Jeffrey A. Cohen, Esq.<br>1835 Market Street, Suite 1050<br>Philadelphia, PA 19103<br>(856) 661-1900<br>jeffrey.cohen@flastergreenberg.com | By: [signature]<br>Wesley M. Mullen (WM1212)<br>200 Park Avenue, Suite 1700<br>New York, New York 10166<br>(646) 632-3718<br>wmullen@mullenpc.com |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

This confidentiality agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.

SO ORDERED:

_____
KATHERINE POLK FAILLA
United States District Judge

Dated: February 19, 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MICHAEL RICATTO,

    Plaintiff,

      - v -

M3 INNOVATIONS UNLIMITED INC., *et al.*,

    Defendants.

No. 18 CV 8404 (KPF)

## AGREEMENT REGARDING CONFIDENTIAL INFORMATION

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential under the attached Order of the Court. I have read the Order and agree that I will abide by it.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____
(Attorney)