<tr>



295 Madison Avenue
12th Floor
New York, NY 10017
(212) 268-7111
Fax: (914) 358-9569
www.flastergreenberg.com

**MEMO ENDORSED**

**JEFFREY A. COHEN, ESQUIRE**
Member of the NJ, PA & NY Bar
Direct Dial:  (856) 382-2240
E-Mail:  jeff.cohen@flastergreenberg.com

April 22, 2021

<u>**VIA ECF AND EMAIL**</u>
Honorable Katherine Polk Failla, U.S.D.J.
Southern District of New York
40 Foley Square, Room 2103
New York, NY  10007
Failla_NYSDChambers@nysd.uscourts.gov

    Re:  *M3 Innovations Unlimited, Inc., et al. v. Ricatto*
          Civil Action No. 1:18-cv-08404-KPF
          Ricatto's Letter Motion to File Under Seal and with Select Redactions

Dear Judge Failla:

    We write to respectfully request this Honorable Court's permission for Plaintiff and Counterclaim Defendant, Michael Ricatto ("Ricatto"), to file the following documents with redactions or under seal pursuant to Federal Rule of Civil Procedure 5.2(a) and (d) respectively, the Southern District of New York's Local Civil Rules, and Your Honor's Individual Rules of Practice, as further outlined below.

    Federal Rule of Civil Procedure 5.2(a) states, in relevant part:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
>     **(1)** the last four digits of the social-security number and taxpayer-identification number;
>     **(2)** the year of the individual's birth;
>     **(3)** the minor's initials; and
>     **(4)** the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). There "is a presumption that Court documents are accessible to the public and 'that a substantial showing is necessary to restrict access.'" *See Ghadersohi v. Health Research, Inc.*, No. 08-CV-355S (Sc), 2014 U.S. Dist. LEXIS 52075 (W.D.N.Y. Apr. 14, 2014)

8257189 v3
</tr>

Honorable Katherine Polk Failla, U.S.D.J.
April 22, 2021
Page 2

(citing Fed. R. Civ. P. 5.3). Courts recognize the common-law right of access to judicial documents as a measure of accountability for federal courts. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). "Without monitoring, . . . the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). Where the documents or statements at issue are of a type routinely filed by the court and generally accessible, the presumption of accessibility is stronger than where the documents or statements are unusual or of a type generally filed under seal. *See id.* at 1050. The weight of the presumption of accessibility must be balanced with any countervailing factors, such as the danger that disclosure will impair law enforcement, judicial efficiency, or the privacy interests of third-parties, promote scandal, or be used to gratify private spite. *See id.* at 1050-51.

Ricatto asks the Court to permit redaction only in the instances outlined below where he has made a substantial showing that it is necessary to restrict access to these documents to protect sensitive financial information, attorney-client privilege, and the privacy interests of third parties, among other reasons. For instance, Ricatto only seeks the Court's permission to file redacted documents in accordance with Rule 5.2(a), the attorney-client and/or work-product privilege previously invoked by the parties, pursuant to the February 19, 2020 Approved Stipulation and Protective Order in this matter, and in accordance with the Court's previous rulings on redacted documents. *See* Dkt. Nos. 55; 86.

**DOCUMENTS REQUESTED TO BE FILED UNDER SEAL**

1. Ricatto requests the Court's permission to file Exhibit "MM" (M_ZACH_01998-2002 - CONFIDENTIAL) to the Declaration of Jeffrey A. Cohen in Support of Ricatto's Motion for Summary Judgment ("Cohen Dec.") under seal because it has been designated as a confidential document pursuant to the parties' Approved Stipulation and Protective Order, dated February 19, 2020 (Dkt No. 55) in an effort to protect the privacy interests of third parties, whose sensitive personal information is contained in this document, including, but not limited to, Todd McCormick. In this document, Mr. McCormick, who believed he would be paid an exorbitant amount of money by M3 to serve as the company's head grower, exchanged several inflammatory emails with M3 about the monies he believed he was owed, and the legal action he threatened to take against M3 if it breached its agreement with him. This document was designated as "Confidential" by M3 pursuant to the parties' Protective Order, as outlined above. The corresponding portions of Ricatto's Rule 56.1 Statement of Facts and Memorandum of Law that quote this document will be redacted unless and until the Court orders Ricatto to file them in unredacted format.

2. Ricatto requests the Court's permission to file Exhibit "ZZ" (M_ZACH_000036 - CONFIDENTIAL) to the Cohen Dec. under seal because it has been designated as a confidential document pursuant to the parties' Approved Stipulation and Protective Order, dated February 19, 2020 (Dkt No. 55) in an effort to protect the privacy interests of third parties, whose sensitive personal information is contained in this document. In this document, Michael Zachara, former General Counsel, Chief Compliance Officer, and Secretary of M3, drafted an undated

Honorable Katherine Polk Failla, U.S.D.J.
April 22, 2021
Page 3

memorandum in which he recommended removing Kyle Kietrys as CEO of M3, and cited the company's By Laws in support of this position. This document was designated as "Confidential" by M3 pursuant to the parties' Protective Order, as outlined above. The corresponding portions of Ricatto's Rule 56.1 Statement of Facts and Memorandum of Law that quote this document will be redacted unless and until the Court orders Ricatto to file them in unredacted format.

**DOCUMENTS REQUESTED TO BE FILED IN REDACTED FORMAT**

1. Ricatto requests the Court's permission to file Exhibit "FF" (RIC002599-2611) to the Cohen Dec. with pre-existing redactions utilized during the discovery exchange in this case in an effort to protect the attorney-client and work product privileges of Michael Ricatto. Pursuant to Your Honor's January 12, 2021 Order, on January 22, 2021, Ricatto submitted an *ex parte* submission in response to M3's Motion to Compel explaining how the attorney-client privilege attaches to the disputed documents in light of the date of Anthony Finno's engagement letter with counsel and the accompanying Certification of Anthony Finno with an exhibit. On January 25, 2021, Your Honor denied M3's Motion to Compel the unredacted version of this document and allowed Ricatto's assertion of privilege to stand. *See* Dkt. No. 86. For these reasons, Ricatto now files this same document in its redacted format in accordance with the Court's January 25, 2021 Order and the attorney-client privilege.

2. Ricatto requests the Court's permission to file Exhibit "GG" (M300006246-6248) to the Cohen Dec. with redactions pursuant to Federal Rule of Civil Procedure 5.2(a) to protect sensitive financial information, including financial account numbers. In this instance, Ricatto has only redacted the account number and routing number of M3's bank account to protect its sensitive financial information and privacy, to the extent that bank account still exists.

3. Ricatto requests the Court's permission to file Exhibit "GGG" (RIC002349) to the Cohen Dec. with pre-existing redactions, and "Confidential" designation, utilized during the discovery exchange in this case to protect Ricatto's attorney-client and/or work product privilege and because portions of this documents have been designated as confidential pursuant to the parties' Approved Stipulation and Protective Order, dated February 19, 2020 (Dkt No. 55). In this instance, Ricatto has redacted a small portion of an email, which is not cited or otherwise referenced in Ricatto's Motion for Summary Judgment, and accompanying documents, and which has been designed as "Confidential" by Ricatto pursuant to the parties' Protective Order, as outlined above.

4. Ricatto requests the Court's permission to file Exhibit "III" to the Cohen Dec. with pre-existing redactions utilized during the discovery exchange in this case by M3 because portions of this documents have been redacted by M3 presumably in an effort to protect the attorney-client and/or work product privilege of M3.

5. Ricatto requests the Court's permission to file Exhibit "NNN" to the Cohen Dec. with redactions applied to account numbers and wire transfer numbers in accordance with Federal Rule of Civil Procedure 5.2(a).

Thank you for your thoughtful consideration of this matter.

        Respectfully Submitted,

        FLASTER/GREENBERG P.C.

        Jeffrey A. Cohen

JAC/kaj

```
Application GRANTED.  Exhibits MM and ZZ to the Declaration of
Jeffrey A. Cohen in Support of Counterclaim Defendants' Motion for
Summary Judgment shall be filed under seal, visible only to the Court
and the parties.

Dated:    April 22, 2021             SO ORDERED.
          New York, New York


                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```